UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TUAN NAM HUYNH,

      Petitioner,

    v.                              Case No.:  2:26-cv-00934-SPC-NPM

WARDEN OF FLORIDA SOFT
SIDE SOUTH FACILITY *et al.*,

      Respondents,

## **OPINION AND ORDER**

Before the Court are petitioner Tuan Nam Huynh's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 10), and Huynh's reply (Doc. 12).  For the below reasons, the Court denies the petition.

Huynh is a native of Vietnam who was admitted into the United States as a refugee in May 1990.  Huynh settled in Portland, Oregon, where he racked up an extensive criminal record, including convictions for drug possession, sexual abuse, failure to register as a sex offender, and burglary.  An immigration judge ordered Huynh removed on April 18, 1994.  Huynh spent two years in Immigration and Customs Enforcement ("ICE") custody until ICE released him under an order of supervision in 1996 because it could not remove him to Vietnam.  ICE issued another order of supervision in 2003, when Huynh completed a state prison sentence.

ICE issued a warrant of removal/deportation on October 31, 2025, and detained Huynh the next day to execute the removal order.  He is currently detained at Alligator Alcatraz.  Huynh challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Huynh's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Huynh has carried his initial burden by showing a good reason to believe Vietnam will not accept him for repatriation. The burden thus shifts to the respondents. ICE submitted Huynh's travel document request to the Vietnamese government on March 30, 2026, and it is pending approval. The number of successful

repatriations to Vietnam has increased drastically during this administration, with over 1,200 Vietnamese nationals repatriated over the last two years. Since February 2025, all travel documents that could be processed have issued. ICE has frequent charter flights to Vietnam, with the next one tentatively scheduled for May 2026.

The Court finds a significant likelihood Huynh will be removed in the reasonably foreseeable future.

Accordingly, it is hereby

**ORDERED:**

Tuan Nam Huynh's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record